**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SANDRAWATI LAKSONO,

*Petitioner,*

v.

No. 03-1590

JOHN ASHCROFT, Attorney General,

*Respondent.*

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A77-249-474)

Submitted: November 14, 2003

Decided: December 4, 2003

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

---

**COUNSEL**

Steven A. Morley, MORLEY, SURIN & GRIFFIN, P.C., Philadelphia, Pennsylvania, for Petitioner. Peter D. Keisler, Assistant Attorney General, Ernesto H. Molina, Jr., Senior Litigation Counsel, Elisabeth Layton, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Sandrawati Laksono, a citizen of Indonesia, petitions this court for review of an order of the Board of Immigration Appeals (Board) affirming a decision of the immigration judge (IJ) finding her removable and denying her applications for asylum and withholding of removal under the Immigration and Nationality Act and the Convention Against Torture.

Laksono challenges the IJ's finding that she failed to demonstrate she is a refugee based on past persecution or a well-founded fear of future persecution on account of a protected ground. *See* 8 U.S.C.A. § 1158 (West 1999 & Supp. 2003); 8 U.S.C. § 1101(a)(42)(A) (2000). The record supports the IJ's conclusion. *See* 8 C.F.R. § 1208.13(a) (2003) (stating that the burden of proof is on the alien to establish eligibility for asylum). We will reverse only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite'" elements. *Rusu v. INS*, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992)). We have reviewed the administrative record, the IJ's decision, and the decision of the Board, and find that substantial evidence supports the Board's ruling that Laksono failed to establish her refugee status.

We conclude as well that Laksono is not entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) (2000) or the U.N. Convention Against Torture. Based on our review of the record and of the IJ's decision denying relief, we hold that the IJ did not err in finding that Laksono failed to show a "clear probability of persecution." *See Rusu*, 296 F.3d at 324 n.13 ("To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion."). Nor did Laksono establish that it is "more likely than not" that she would face torture if she returned

to Indonesia. 8 C.F.R. § 1208.16(c)(2) (2003) (to qualify for protection under the Convention Against Torture, an alien must show "it is more likely than not that he or she would be tortured if removed to the proposed country of removal").

We deny Laksono's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*